IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00598-MR

| | |
|---|---|
| **DAYSHAWN BECKHAM,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **ALL ADAs IN HOMICIDE UNIT OF** | ) |
| **MECKLENBURG COUNTY, et al.,** | )  **ORDER** |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

## I. BACKGROUND

The pro se Plaintiff is a pretrial detainee at the Granville Correctional Institution on charges including first-degree murder, Mecklenburg County Superior Court, Case No. 20CRS206428.[1] He filed this civil rights action pursuant to 42 U.S.C. § 1983. The Plaintiff names as Defendants in their "full and individual capsity [sic]:" "all ADAs in Homicide Unit of Mecklenburg County"; Ashley Nicole Robinson, Terra L. Varnes, Kimberly Gardner,

---

[1] A summary of the Plaintiff's other pending criminal charges may be found in Case No. 3:24-cv-300-FDW, Doc. 9.

Jennifer D. Mills, and Bill Bunting, Assistant District Attorneys; Denzil H. Forrester, the Plaintiff's appointed criminal defense attorney; and Monica LNU, whom he does not identify. [Doc. 1 at 1]. He asserts claims for "conflict of interest in criminal case [and] ineffective counsel." [Id.]. He alleges as follows:

> I have been a pre-trial detainee for over 48 month's without having evidence that I committed a crime of first degree murder. Also I filed a complaint aginst at least (3) ADA's in the homicide unit due to the negligence in my case (20CR206428-590) and they are attempting to falsely convict me. My lawyer Denzil H. Forrester has lied on my mental health and he knows that I am innocent and refuse to prove my innocence.

[Id.] (errors uncorrected). For relief, he asks "to be released." [Id.].

The Plaintiff previously filed a strikingly similar civil rights action in this Court, Case No. 3:24-cv-300-FDW. There, the Plaintiff asserted claims under § 1983 and North Carolina law against the Mecklenburg County District Attorney and ADAs Gardner and Varnes on claims of false imprisonment and the denial of a speedy trial. [3:24-cv-300, Doc. 1]. The Court dismissed the Complaint on grounds including prosecutorial immunity, and it noted that any claims against the Plaintiff's criminal defense attorney would have been dismissed because defense counsel is not a state actor for purposes of § 1983. [Id., Doc. 9]. The Court granted the Plaintiff the opportunity to amend. [Id.]. In his Amended Complaint, the Plaintiff named

2

the State of North Carolina as the sole Defendant. [Id., Doc. 10]. The Court held that the claims against the State were barred by sovereign immunity and dismissed the action with prejudice because the Plaintiff had, again, failed to state a claim. [Id., Doc. 11 at 3-4]. The Court also instructed the Court to mail the Plaintiff a blank habeas form in an abundance of caution because the Plaintiff had mentioned his speedy trial rights. [Id., Doc. 11 at 4, n.1].

## II.   STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff has, again attempted to sue several North Carolina prosecutors. The claims against Defendants Varnes and Gardner were previously dismissed with prejudice, and the claims against Defendants Robinson, Bunting, and Mills and "all ADAs in Homicide Unit" are barred by prosecutorial immunity for the reasons discussed in Case No. 3:24-cv-300-FDW. [Id., Doc. 9].

The Plaintiff's claims against Defendant Forrester are dismissed because counsel is not a state actor under § 1983, for the reasons previously discussed. [Id.].

The Plaintiff names Monica LNU as a Defendant, but he fails to identify this individual or to make any factual allegations against her. The Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief");

Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). To the extent that this Defendant is a prosecutor or a defense attorney, the Plaintiff's claims cannot proceed for the reasons discussed *supra*.

Moreover, the only relief that the Plaintiff seeks in this case – his release from custody – is unavailable in this § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see generally 28 U.S.C. § 2241. Thus, to the extent that the Plaintiff is seeking to challenge the fact or duration of his confinement, he must do so, if at all, in a separate civil action.[2]

---

[2] The Plaintiff filed a § 2241 Petition in this Court which was dismissed for lack of exhaustion, Case No. 3:24-cv-725-MR. The Court makes no determinations about the potential merit or procedural viability of any future habeas petition that the Plaintiff may choose to file.

5

Because this action is largely duplicative of the Plaintiff's previously-filed § 1983 action in Case No. 3:24-300-FDW, which was dismissed with prejudice, the Plaintiff will be granted leave to amend only as to Defendant Monica LNU.  **The Plaintiff is cautioned that the further filing of frivolous or duplicative claims in this Court may lead to the imposition of sanctions, including a pre-filing injunction.**

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review.  The claims against "all ADAs…," Forrester, Robinson, Bunting, Varnes, Gardner, and Mills are dismissed with prejudice, and the claims against Monica LNU are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's other filings.  Piecemeal amendment will not be permitted.  Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A. The claims asserted against "all ADAs…," Forrester, Robinson, Bunting, Varnes, Gardner, and Mills are **DISMISSED WITH PREJUDICE** and the claims against Monica LNU are **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, this case will be dismissed and closed without further notice.

3. **The Plaintiff is cautioned that the filing of further frivolous or duplicative claims in this Court may lead to the imposition of sanctions including a pre-filing injunction.**

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form, a blank § 2241 habeas form, and a copy of this Order.

**IT IS SO ORDERED.**

Signed: October 9, 2024

Martin Reidinger
Chief United States District Judge